IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| UNITED STATES OF AMERICA, | CR 11–71–BLG–DLC |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| RAUL GARCIA, | |
| Defendant. | |

Before the Court is Defendant Raul Garcia's ("Garcia's") Unopposed Motion for Early Termination of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1). (Doc. 61.) On February 2, 2012, after Garcia entered a guilty plea for violating 21 U.S.C. § 841(a)(1), the Court sentenced him to 87 months in custody. (Doc. 45 at 1–2.) Upon his release from prison, the Court ordered Garcia to remain on supervised release for a term of five years. (Doc. 45 at 3.) On May 15, 2015, this Court reduced Garcia's custodial sentence to 71 months, but the original supervised release term remained in effect. (Doc. 54.) Garcia began his term of supervised release on August 16, 2016 (Doc. 62 at 2), and he now moves the Court to terminate his supervision before its scheduled termination date on August 16, 2021 (Doc. 61).

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3583(e)(1). The factors set forth in 18 U.S.C. § 3553(a) ground a court's determination whether to terminate a term of supervised release. 18 U.S.C. § 3564.

Garcia accurately asserts that he is eligible for early release under 18 U.S.C. § 3553(e)(2), as he has now served more than three years of his term. While it is the Court's general policy to deny any early termination motion prior to two-thirds completion of the term imposed, the Court is persuaded to extend an exception to Garcia in this case. Neither the United States nor the United States Probation Office objects to early termination, with the latter specifically noting that Garcia has completed his term thus far without a single technical violation. Therefore, the Court is satisfied that early termination is warranted by Garcia's conduct and the interest of justice.

IT IS ORDERED that Garcia's Motion (Doc. 61) is GRANTED.

DATED this 23rd day of September, 2019.

Dana L. Christensen, Chief Judge
United States District Court